## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

DEMOND TRAVELLE BOONE,

        **Plaintiff,**

v.

AMAZON;
UNITED STATES POSTAL SERVICE;
DEPARTMENT OF MOTOR
VEHICLES;
STATE BAR OF CALIFORNIA;
EPIC SYSTEMS RECORDS;
THE BOARD OF EDUCATION
CALIFORNIA;
GREYHOUND LINES;
FIRST SECURITY INVESTMENTS;
DEMOND TRAVELLE BOONE
RECORDS;
AFTERMATH;
PRIME CAR RENTAL/LEASE;
STAPLES;
CRYPTO CURRENCY;
EXCLUSIVE;
ROSS;
P.S.I. CALIFORNIA;
all as a corporation,

        **Defendants.**

Case No. 25-CV-00500-SEH-JFJ

## OPINION AND ORDER

Before the Court is Plaintiff Demond Travelle Boone's Complaint [ECF
No. 1] and Motion to Proceed *In Forma Pauperis* [ECF No. 4]. Plaintiff is
proceeding pro se. Upon reviewing Plaintiff's Complaint, the Court finds that

Plaintiff fails to show that the Court has subject-matter jurisdiction. Because the Court must dismiss a case once it determines that it lacks subject-matter jurisdiction, the Court dismisses Plaintiff's Complaint without prejudice, and finds that the Motion to Proceed *In Forma Pauperis* is moot.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. *Merida Delgado v. Gonzalez*, 428 F.3d 916, 919 (10th Cir. 2005); *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). Plaintiff has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. *McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). Regardless of whether a litigant raises the issue of jurisdiction, the Court has an obligation to consider whether subject-matter jurisdiction exists. Fed. R. Civ. P. 12(h)(3).

As the Supreme Court has stated, and as the Tenth Circuit has reiterated, federal courts have "'an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is

2

subject matter jurisdiction 'at any state of the litigation.'" *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Here, Plaintiff proceeds pro se, and as is required by both Supreme Court and Tenth Circuit precedent, the Court must liberally construe his pleadings when considering the allegations contained in the Complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). Although the Court must hold a pro se plaintiff's pleadings to a less stringent standard than those drafted by lawyers, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Boone does not plead a valid basis for the Court's jurisdiction. Mr. Boone's Complaint, which includes a list of vague allegations (fraud, harbor/concealment of corporation titles also what they all produce, and punitive), does not allege jurisdictional facts from which the Court can discern whether federal subject-matter jurisdiction exists. *See* [ECF No. 1]. As best the Court can tell, Mr. Boone appears to allege that the defendants concealed titles from him and committed fraud, but even that is not clear from the face of the complaint. *Id.* Mr. Boone offers no statutory basis for pursuing a private right of action in federal court against the defendants, as required for federal question jurisdiction under 28 U.S.C. § 1331.

Moreover, Mr. Boone alleges no facts from which the Court could find that complete diversity of citizenship exists among the parties or what the amount in controversy is, or that it exceeds $75,000, as required to establish diversity jurisdiction under 28 U.S.C. § 1332(a). Mr. Boone pleads that he is a citizen of California, [ECF No. 1 at 1], but he makes no mention of the defendants' citizenship. Nor does he state what relief he seeks or that it meets the minimum required amount in controversy. Construing Mr. Boone's complaint as liberally as the law requires, the Court finds that he neither presents a federal question nor alleges any basis for federal diversity jurisdiction. Notwithstanding Mr. Boone's status as a pro se litigant, the Court cannot permit his case to proceed in the absence of federal subject-matter jurisdiction.

**IT IS THEREFORE ORDERED** that Mr. Boone's Complaint, [ECF No. 1], is dismissed without prejudice for lack of subject-matter jurisdiction. A judgment will be entered separately.

**IT IS FURTHER ORDERED** that Mr. Boone's Motion for Leave to Proceed *In Forma Pauperis*, [ECF No. 4], is DENIED as MOOT.

Nothing in this order impacts the General Order of this Court imposing filing restrictions on Mr. Boone. *See In re: Demond Travelle Boone Filing Restrictions*, No. 25-go-00001-JFH, [ECF No. 12] (N.D. Okla. 2025).

4

**DATED** this 10th day of October, 2025.

Sara E. Hill
UNITED STATES DISTRICT JUDGE